**Opinion filed December 31, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00216-CR

_____

### KEITH BERNARD WALKER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Gaines County, Texas**
**Trial Court Cause No. 11-4144**

### M E M O R A N D U M   O P I N I O N

Appellant, Keith Bernard Walker, pleaded guilty to the third-degree felony offense of assault family violence. Pursuant to the terms of the plea agreement, the trial court convicted Appellant of the offense, assessed his punishment at confinement for ten years and a $2,000 fine, suspended the confinement portion of the sentence, and placed Appellant on community supervision for ten years. Subsequently, the State filed an application to revoke community supervision, and the trial court modified the terms of Appellant's community supervision. The State

later filed another application to revoke community supervision. After a hearing on revocation, the trial court found the State's allegations to be true, revoked Appellant's community supervision, and assessed his punishment at confinement for ten years and a fine of $2,000. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the reporter's record and the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.[1] Appellant has not filed a response.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. The record from the revocation hearing shows that Appellant admitted to some of the alleged violations of the terms and conditions of his community supervision but offered explanations for his violations. His community supervision officer testified about various violations by Appellant of the terms and conditions of his community supervision as alleged in the State's application to revoke. Appellant made no evidentiary objections at the revocation hearing. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

December 31, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3